UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MATTHEW THOMAS ANDERSON, DECEASED, THROUGH HIS SUCCESSOR IN INTEREST, MINEKO SWEZEY; and MINEKO SWEZEY, individually,<br><br>          Plaintiff,<br><br>    vs.<br><br>COUNTY OF SISKIYOU, a public entity; SISKIYOU COUNTY SHERIFF'S DEPARTMENT, a public entity; SISKIYOU COUNTY SHERIFF RICK RIGGENS, in his individual capacity and official capacities; CAPTAIN JAMES BETT, individually; DEPUTY CHRISTOPHER MILLER, individually, RONALD BORTMAN, M.D., individually; STATE OF CALIFORNIA, a public entity; NAPA COUNTY STATE HOSPITAL, a public entity; DR. ED FOULK, R.N., individually; DANA WHITE, R.N., individually; and DOES 1 through 10, Jointly and Severally,<br><br>          Defendants. | Case No:  C 10-01428 SBA<br><br>**ORDER GRANTING COUNTY DEFENDANTS' MOTION TO TRANSFER**<br><br>Docket 41 |

This action arises from the death of Matthew Thomas Anderson ("Anderson"), who committed suicide while in custody at the Siskiyou County Jail. The parties are presently before the Court on the County of Siskiyou and related parties' motion to transfer venue to the Eastern District of California, pursuant to 28 U.S.C. § 1404(a). Dkt. 41. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

# I. BACKGROUND

On July 15, 2008, Anderson, a schizophrenic with bipolar disorder, was in front of a Jack-in-the-Box restaurant in or near Siskiyou County, California, and began manifesting signs of his mental illness. First Am. Compl. ("FAC") ¶¶ 15-16. Officers from the Siskiyou County Sheriff's Department ("Sheriff's Department") appeared at the scene and shot Anderson with a taser, and then placed him in a four-point restraint. Id. ¶ 16. Anderson was then transported to the emergency room at Airchild Medical Center. Id. After being released from the hospital, he was booked into the Siskiyou County Jail and criminally charged. Id. While in jail, Anderson's mental health condition worsened and he became suicidal. Id. ¶ 17. As a result, Anderson was transferred to Napa State Hospital for treatment on September 11, 2008. Id. After his condition stabilized and improved, Anderson was returned to the Siskiyou County Jail on February 25, 2009. Id.

On March 27, 2009, the Siskiyou County Superior Court judge presiding over Anderson's criminal case found him mentally incompetent to stand trial. Id. ¶ 18. The judge ordered the Sheriff's Department to return Anderson to Napa State Hospital for care and treatment by no later than April 3, 2009. Id. Despite having received notice of the court's ruling, officials at Napa State Hospital allegedly refused to comply with the order and denied him admission to the facility, without referring him to another place for treatment. Id. As a result, Anderson remained at the Siskiyou County Jail. Id. While in custody, Sheriff's Department officials allegedly refused to provide Anderson with access to emergency medical and psychiatric care and treatment. Id. Sadly, Anderson's condition worsened and he committed suicide on April 9, 2009. Id. ¶ 21. On June 1, 2009, the state court held Napa State Hospital and its Executive Director, Dr. Ed Foulk, in contempt of court for failing to admit Anderson to their facility, as ordered. Id.

## A. PROCEDURAL HISTORY

On April 5, 2010, Anderson's mother, Mineko Swezey, both individually and as a successor in interest to Anderson's estate, commenced the instant action in this Court for deliberate indifference to serious medical needs, pursuant to 42 U.S.C. § 1983, among other

claims.  With leave of Court, Plaintiff filed a First Amended Complaint ("FAC") on September 20, 2010, against Siskiyou County, the Sheriff's Department, Siskiyou County Sheriff Rick Riggens, Deputy Christopher Miller, Captain James Bett and Dr. Robert Bortman (collectively, "County Defendants"), all of whom allegedly were involved in denying Anderson the requisite treatment while in their custody at the Siskiyou County Jail.  In addition, Plaintiff has sued the State of California, Napa State Hospital, Dr. Foulk and Dana White, R.N. (collectively, "State Defendants"), based on their refusal to provide treatment to Anderson.

County Defendants now move to transfer the instant action to the Eastern District of California on the grounds that the key events occurred and most of the witnesses in this case are located in Siskiyou County, which lies within the Eastern District.  Plaintiff, an Oregon resident, opposes the proposed transfer, and claims that her choice of forum is entitled to substantial deference, and that this District is more convenient for her counsel.  The State Defendants have filed a statement of non-opposition.  The matter has been fully briefed and is ripe for determination.

## II. LEGAL STANDARD

Title 28 of the United States Code, section 1404(a), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  In exercising its discretion under § 1404, the court may consider the following, if appropriate:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).  "The court has the broad discretion to address some of these or other factors based on the particular facts of each case."  Johansson v. Central Garden & Pet Co., No. No. C 10-03771 MEJ, 2010 WL

**1**  4977725, at *2 (N.D. Cal. Dec. 2, 2010) (James, J.)  The burden is on the moving party to
**2**  demonstrate that the present forum is "inappropriate."  Commodity Futures Trading
**3**  Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

**4**  **III.    DISCUSSION**

**5**      **A.    PLAINTIFF'S CHOICE OF FORUM**

**6**      Plaintiff does not dispute that this action "might have been brought" in the Eastern
**7**  District, 28 U.S.C. § 1404(a), but nonetheless argues that her choice of forum is entitled to
**8**  "substantial" deference.  Pl.'s Opp'n at 9-10.  As a general matter, Plaintiff is correct that a
**9**  plaintiff's choice of forum should be afforded deference when the district court is
**10** considering a motion to transfer under 28 U.S.C. § 1404.  See Decker Coal Co. v.
**11** Commonwealth Edison Co., 805 F.2d 834 (9th Cir. 1986) ("the defendant must make a
**12** strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.").
**13** However, less weight has been accorded to this factor where, as in the present case,
**14** Plaintiff does not reside in this District.  See Gemini Capital Group, Inc. v. Yap Fishing
**15** Corp., 150 F.3d 1088, 1091 (9th Cir. 1998) (finding that a plaintiff's choice of forum is
**16** entitled to significantly less deference when that forum is not the plaintiff's home forum).
**17** The fact that Plaintiff has relatives who reside in this District, Swezey Decl. ¶ 5, does not
**18** alter the fact that she does not.

**19**     The deference otherwise accorded to the plaintiff's choice of forum is further
**20** undermined by the minimal nexus between this District and the events that form the basis
**21** of the action.  See Metz v. U.S. Life Ins. Co. in City of New York, 674 F. Supp. 2d 1141,
**22** 1146 (C.D. Cal. 2009) ("Deference to the plaintiff's choice of venue is further diminished
**23** if … the operative facts have not occurred within the forum").  Although some of Plaintiff's
**24** claims involve Napa State Hospital, which lies within the Northern District, the core
**25** allegations of the FAC center on Anderson's treatment while in Siskiyou County Jail,
**26** where he committed suicide.  See FAC ¶¶ 16-21.  Moreover, it is noteworthy that
**27** Plaintiff's claims against Napa State Hospital and its staff are not based on Anderson's
**28** treatment at that facility; but rather, their alleged refusal to treat him.  While this District

clearly has *some* connection to this lawsuit, the majority of the salient conduct and omissions transpired in Siskiyou County, which lies in the Eastern District.  Given that finding, coupled with the fact that Plaintiff resides outside this District, the Court concludes that Plaintiff's choice of forum is entitled to minimal deference.

### B. CONVENIENCE OF THE PARTIES AND WITNESSES

The fact that most of the critical events occurred in the Eastern District also informs the Court's analysis regarding whether this or the Eastern District is a more convenient forum for the parties and witnesses.  As noted, all of the major events leading up to Anderson's suicide occurred in or around Siskiyou County, where all of the County Defendants are located.  This is supported by the County Defendants' identification of seventy-seven witnesses, the vast majority of whom reside in Siskiyou County, who allegedly have information germane to Plaintiff's claims.  See Price Decl. Ex. A, Dkt. 41-4.  Plaintiff counters that a significant number of these witnesses' proposed testimony is irrelevant and cumulative.  Pl.'s Opp'n at 13-14.  While perhaps true, the Court notes that, rather tellingly, Plaintiff neglects to identify any non-party witnesses who reside in this District.  The only witnesses in this District are the State Defendants, who do not oppose transfer.

Finally, Plaintiff complains that travelling to the Eastern District will be more inconvenient and expensive for her attorneys, who are located in this District.  Pl.'s Opp'n at 10.  However, the convenience of counsel is not a relevant consideration on § 1404(a) motion to transfer.  See Roling v. E*Trade Secs., LLC, --- F. Supp. 2d ----, 2010 WL 4916401, at *4 (N.D. Cal. Nov. 22, 2010) ("convenience of counsel is not considered in ruling on a section 1404(a) transfer motion" ) (citation and internal quotations omitted).

### IV. CONCLUSION

At bottom, the Court finds that the convenience of the parties and witnesses and the interests of justice outweigh the deference accorded to Plaintiff's choice of forum.  Accordingly,

1  IT IS HEREBY ORDERED THAT the County Defendants' Motion to Transfer is
2  GRANTED.  The Clerk shall transfer the instant action forthwith to the Eastern District of
3  California, and shall terminate any pending dates and docket matters.
4  IT IS SO ORDERED.
5  Dated: January 11, 2011

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

- 6 -